IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DECATUR ATHLETIC CLUB, LLC, | ) | CASE NO. 17-81439-CRJ11 |
| EIN: XX-XXX2840 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF
DECATUR ATHLETIC CLUB, LLC
DEBTOR AND DEBTOR-IN-POSSESSION**

**APRIL 19, 2018**

Stuart M. Maples
MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

Attorney for Debtor-in-Possession

# DEBTOR'S FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION
# DATED APRIL 19, 2018, 2018

In accordance with 11 U.S.C. § 1124, Decatur Athletic Club, LLC, debtor-in-possession ("Debtor") in the above captioned Chapter 11 case files this Plan of Reorganization dated April 19, 2018 (the "Plan"), in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division ("Bankruptcy Court" or "Court").

## I.
## DEFINITIONS

The following terms shall have the following meanings unless the context otherwise requires and, unless otherwise indicated, the singular shall include the plural. The definitions contained in §§ 101 and 1101 of the Bankruptcy Code shall control unless different definitions are stated herein, in which case the definitions as stated herein shall control for purposes of this Plan.

**1.01** "**Accounting Fees**" means accounting and/or administrative management fees for preparing tax returns and other financial reports.

**1.02** "**Administrative Claim**" means a claim for any cost or expense of administration of the Reorganization Case allowed under § 503(b) of the Bankruptcy Code, including without limitation any claim for the actual and necessary costs and expenses of preserving the Debtor' estate and all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court.

**1.03** "**ADOR**" means the Alabama Department of Revenue.

**1.04** "**Allowed Amount**" means the amount of any Allowed Claim.

**1.05** "**Allowed Claim**" means:

(a) Any Claim in any Class:

(i) proof of which has been filed with the Bankruptcy Court prior to the Bar Date, or which have been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; and

(ii) to which no objection has been made within the Disclosure Statement or to which no objection is filed within thirty (30) days of the date of the effective date or which has been allowed by Final Order; or

(b) Any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

**1.06** "**Allowed Secured Claim**" means a claim that is both an Allowed Claim and a Secured Claim.

1.07 **"Allowed Unsecured Claim"** means a claim that is both an Allowed Claim and an Unsecured Claim.

1.08 **"Bankruptcy Code or Code"** means Chapter 11 of Title 11, United States Code.

1.09 **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

1.010 **"Bankruptcy Rule"** or **"Bankruptcy Rules"** means one or more of the Federal Rules of Bankruptcy Procedure.

1.11 **"Bar Date"** means the date established by the Court as the deadline for filing all Claims. Bar date for governmental claim holders in a Chapter 11 case is 180 days from the date of filing. Claims filed after the Bar Date, which are not otherwise Allowed Claims, will be disallowed and of no effect.

1.12 **"Claim"** means a claim or interest as defined by the Code.

1.13 **"Class"** means one of the classes of allowed claims or equity interests established by the Plan.

1.14 **"Confirmation Date"** means the date of the Confirmation Order becoming final.

1.15 **"Confirmation Order"** means the Final Non-Appealable Order of the Court determining that the Plan meets the requirements of the Bankruptcy Code and is entitled to confirmation.

1.16 **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

1.17 **"Debtor"** means Decatur Athletic Club, LLC.

1.18 **"Disbursing Agent"** means Jeremy Goforth.

1.19 **"Effective Date"** means thirty (30) days after the Confirmation Date.

1.20 **"Filing Date"** with respect to the Debtor means May 10, 2017, the date on which the case was commenced by the Debtor filing for relief under Chapter 11 of the Bankruptcy Code.

1.21 **"Final Decree"** means the Order entered by the Bankruptcy Court which closes the case.

1.22 **"Final Order"** means:

    A.    An order of the Court that has become conclusive of all matters adjudicated by such order and:

        (i)    that is not the subject of a pending appeal and for which the time to appeal or seek review or rehearing of such order has expired, or

(ii) that is the subject of a pending appeal but has not been stayed or as to which no supersedeas bond has been posted.

**1.23** **"IRS"** means the United States Treasury, Internal Revenue Service.

**1.24** **"Net Plan Profits"** means net profits determined in accordance with generally accepted accounting principles consistently applied: (a) less administrative payments which are due on or before the date on which Net Plan Profits are being calculated; (b) less any payments required by this plan, which are due on or before the date on which Net Plan Profits are being calculated, other than payments out of Net Plan Profits.

**1.25** **"Plan"** means this Plan of Reorganization and any subsequent amendments.

**1.26** **"Post-Petition"** means the Filing Date and the period after the Filing Date.

**1.27** **"Pre-Petition"** means the period preceding the Filing Date.

**1.28** **"Priority Claim"** means those expenses and claims which may be provided for under 11 U.S.C. Section 507 (a) (2), (3), (4), (5), (6), (7), (8) and (9) of the Code.

**1.29** **"Proponent"** means Debtor.

**1.30** **"Pro-rata Share"** means the same proportions that a given Allowed Claim within a Class bears to the total allowed claim of such class.

**1.31** **"Reorganization Case"** with respect to the Debtor means the reorganization case under Chapter 11 of the Bankruptcy Code.

**1.32** **"Secured Claim"** means a claim allowed as secured in the real or personal property of the Debtor.

**1.33** **"Unsecured Claim"** means an allowed claim other than an Administrative Expense Claim, Priority Claim, or a Secured Claim.

# II.
# CLASSES AND CLASSIFICATIONS OF CLAIMS AND INTEREST

**2.0 UNCLASSIFIED CLAIMS**

**A.    Administrative Expense Claims.**  Administrative Expense Claims shall consist of all administrative expense claims of the Debtor's Chapter 11 case as allowed pursuant to § 503(b) of the code and given priority in accordance with § 507(a)(1) of the Code.  These claims are divided into the following sub-categories:

(i)    **Maples Law Firm, P.C.**:  Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C. relating to the firm's representation of the Debtor in Bankruptcy.  These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan.

(ii)    **Decatur Mall, LLC**:  The Debtor owes an Administrative Expense Claim to its former landlord, Decatur Mall, LLC, for post-petition unpaid rent in the amount of $74,343.92, by Order dated February 26, 2018 [Doc. 268].  This Administrative Expense is unimpaired and shall be paid in full as of the Effective Date of the Plan.  The Debtor and Decatur Mall, LLC, have agreed to settle this claim for $70,000.00 payable upon Confirmation becoming final.  The balance the Decatur Mall, LLC, claim will be treated in Class 2 as an Allowed Unsecured Claim.

**B.    Tax Claims.**

(i)    The Allowed Tax Claims of the IRS.

(ii)    The Allowed Tax Claims of ADOR.

(iii)    The Allowed Tax Claim of any other taxing authorities.

**2.01    UNIMPAIRED CLASSES**

All classes of claims are impaired under the Plan.

**2.02    IMPAIRED CLASSES**

**Class 1 – Allowed Secured Claims.**

Class 1(a) shall consist of the Allowed Secured Claim of United Leasing, Inc., in the amount of $25,800.00, accruing interest at 5.25%, per annum.

Class 1(b) shall consist of the Allowed Secured Claim of Financial Pacific Leasing, Inc., in the amount of $30,000.00, accruing interest at 5.25%, per annum.

Class 1(c) shall consist of the Allowed Secured Claim of Twickenham Commercial Lending, Inc., in the amount of $6,500.00, accruing interest at 5.25%, per annum.

Class 1(d) shall consist of the Allowed Secured Claim of Direct Capital Corporation in the amount of $68,925.60, accruing interest at 5.25%, per annum.

Prime Rate Premium Finance alleges a secured claim in the amount of $2,612.44. The Debtor asserts there is no value in any of its assets for this lien to attach. The Debtor seeks to strip off this lien in implementation of the Plan.

Life Fitness alleges a secured claim in the amount of $2,317.26. The Debtor asserts there is no value in any of its assets for this lien to attach. The Debtor seeks to strip off this lien in implementation of the plan.

**Class 2 - Allowed Unsecured Claims.**

Class 2 shall consist of the Allowed Unsecured Claims of all other unsecured creditors.

**Class 3 – Equity Interest Holders.**

Class 3 shall consist of the equity position of Jeremy Goforth in the Debtor.

## III.
## IMPAIRMENT AND TREATMENT OF CLASSES UNDER THE PLAN

The Plan will be summarized by incorporation of pertinent portions. Other provisions of the Plan are extremely important, especially Article I, Definitions. The Plan should be read in full.

### 3.0    TREATMENT OF UNCLASSIFIED CLAIMS

A.    **Administrative Expense Claims:**  This class shall consist of all administrative expense claims of the Debtor's Chapter 11 case as allowed pursuant to § 503(b) of the Code and given priority in accordance with § 507(a)(1) of the Code. This class is divided into the following sub-classes:

> (i)    **Maples Law Firm, P.C.:**  Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C. relating to the firm's representation of the Debtor in Bankruptcy. These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan. The amount of professional compensation due at confirmation is estimated to be approximately $44,152.09.

(ii) **Decatur Mall LLC**: The Debtor owes an Administrative Expense Claim to its former landlord, Decatur Mall LLC, for post-petition unpaid rent in the amount of $74,343.92, by Order dated February 26, 2018 [Doc. 268]. This Administrative Expense is unimpaired and shall be paid in full as of the Effective Date of the Plan. The Debtor and Decatur Mall, LLC, have agreed to settle this claim for $70,000.00 payable upon Confirmation becoming final. The balance the Decatur Mall, LLC, claim will be treated in Class 2 as an Allowed Unsecured Claim.

B. **Tax Claims:**

(i) **IRS**: The IRS asserts two (2) Priority Claims in the total amount of $12,413.43. The Allowed Priority Claims of the IRS shall be paid sixty (60) equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $228.61, at a rate of 4%, per month until paid. This payment will be paid direct by the Debtor.

(ii) **ADOR**: The ADOR asserts two (2) Priority Claims in the total amount of $178.27. The Allowed Priority Claims of ADOR shall be paid sixty (60) days after the Effective Date of the Plan.

**3.01 TREATMENT OF IMPAIRED CLAIMS**

**Classified Claims:**

**Class 1 – Secured Claims.**

Class 1(a) shall consist of the alleged Secured Claim of United Leasing, Inc., in the amount of $25,800.00, pursuant to the Court's order dated November 20, 2017 [Doc. 178]. Class 1(a) shall accrue interest at 5.25%. Class1(a) shall be paid in sixty (60) equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $489.84, per month until paid. This payment will be paid direct by the Debtor. Any unsecured balance shall be paid through the plan as Allowed Unsecured Claims.

Class 1(b) shall consist of the Allowed Secured Claim of Financial Pacific Leasing, Inc., in the amount of $30,000.00. The Debtor reserves the right to change valuation of such claim. Class 1(b) shall accrue interest at 5.25%. Class 1(b) shall be paid per month in sixty (60) equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $569.58, per month until paid. This payment will be paid direct by the Debtor.

-7-

Case 17-81439-CRJ11    Doc 296    Filed 04/19/18    Entered 04/19/18 14:46:55    Desc
Main Document    Page 7 of 15

Class 1(c) shall consist of the Allowed Secured Claim of the Twickenham Commercial Lending, Inc., in the amount of $6,500.00, accruing interest at 5.25%, per annum. The Debtor seeks to reduce the interest rate on this claim from 12.00% to 5.25%, per annum. Class 1(c) shall accrue interest at 5.25%. Class1(c) shall be paid in sixty (60) equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $123.41, per month until paid. This payment will be paid direct by the Debtor.

Class 1(d) shall consist of the Allowed Secured Claim of Direct Capital Corporation in the amount of $68,925.60. Class 1(d) shall accrue interest at 5.25%. Class 1(d) shall be paid per month in sixty (60) equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $1,308.62, per month until paid. This payment will be paid direct by the Debtor.

**Class 2 - Allowed Unsecured Claims.**

Class 2 consists of the Allowed Unsecured Claims of all other unsecured creditors. The Allowed Unsecured Claims of the unsecured creditors will be paid from fifty percent (50%) of the Net Plan Profits of Debtor for three (3) years or until paid in full.

**Class 3 – Equity Interest Holders.**

Class 3 shall consist of the equity position of Jeremy Goforth in the Debtor. Mr. Goforth shall retain his interest in the Debtor.

## IV.
## PROVISIONS FOR REJECTION AND ASSUMPTION
## OF EXECUTORY CONTRACTS

Pursuant to § 1123(b)(2) of the Bankruptcy Code, except for those executory contracts and unexpired leases, if any, assumed pursuant to the Plan or as to which the Debtor has filed prior to the Confirmation Date a motion to assume and assign or a motion to reject, all executory contracts and unexpired leases to which the Debtor is or was a party and not previously rejected or assumed and assigned pursuant to prior order of the Bankruptcy Court, including, without limitation, all executive and employee severance, vacation, benefit and retirement plans, contracts and agreements (including, but not limited to all stay or retention programs, incentive plans, accelerated vesting plans, accelerated benefit plans, and any other plan, agreement, contract or document relating to or providing for payments to executives or employees not part of recurring salaries and wages), are deemed rejected pursuant to § 364(a) of the Bankruptcy Code as of the Effective Date.

# V.
# MEANS OF EXECUTION OF THE PLAN

**5.01** **Means of Implementation of the Plan.** Debtor shall implement the terms of the Plan by executing all documents necessary. Debtor shall also execute such additional documents as are necessary to comply with the terms of the Plan. In addition, the Plan will be funded by the operations of the Debtor.

**5.02** **Execution of All Documents.** The Plan authorizes the Debtor to execute all documents necessary to carry out the terms of the Plan.

**5.03** **Objections to Claims and Allowances.** No payment or distribution shall be made to the holder of a claim against which an objection has been filed within thirty (30) days after the Effective Date until any such objection to a claim has been determined by Final Order of the Court. Disputed and unliquidated claims shall be estimated for purposes of voting and unless the Court orders otherwise, payments to holders of contested claims that are subsequently allowed shall be made in accordance with the terms of the Plan. Contest of claims shall be filed with the Court no later than sixty (60) days after the Effective Date.

**5.04** **Retention of Assets.** Except as provided for in the Plan or in the order confirming the Plan, on the Confirmation Date the Debtor shall be vested with all of the property of the estate and shall retain all property rights free and clear of all liens, charges, and other interests of the creditors.

# VI.
# MODIFICATION AND CONFIRMATION OF THE PLAN

**6.01** **Pre-Confirmation Modifications.** Debtor may propose modifications hereof at any time prior to Confirmation without leave of this Court, upon such notice as may be required by this Court. If such modification is made after acceptance hereof, this Plan as so modified shall be deemed accepted by all holders of claims and equity interests that have previously accepted this plan, provided that this Court finds that such modification would not materially and adversely change the treatment of the holders of claims or equity interests that have not accepted such modification in writing.

**6.02** **Post-Confirmation Modifications.**

(a) Except as provided in Subsection (b) of this section, Debtor may modify this Plan after Confirmation only if this Court determines that this Plan as so modified meets all of the requirements for confirmation.

(b)  Notwithstanding Subsection (a) of this section, the Debtor may modify this Plan during the period between the Confirmation Date and the "substantial consummation," provided that this Court determines only that such modification does not materially and adversely change the treatment of claims or equity interests but merely remedies a defect or omission or reconciles an inconsistency in or between this Plan and/or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect hereof.

**6.03    Effect of Confirmation.**

(a) Upon Confirmation, the provisions hereof shall bind the Debtor and each holder of a Claim whether or not (1) the Claim of such holder is impaired hereunder, or (2) such holder has accepted this plan.

(b)     Except as otherwise provided herein or in the Confirmation Order, Confirmation vests all of the property of the estate in Debtor, free and clear of all claims.

(c)     Except as provided for in §1141(d)(5), Confirmation discharges the Debtor from any debt that arose before the Confirmation Date and any claim of a kind specified in Section(s) 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (1) a proof of claim is filed with respect thereto, (2) the debt appears in the schedules of liabilities filed by the Debtor, (3) the debt is allowed, or (4) the holder of such debt has accepted this Plan. (d)     Confirmation shall constitute approval or ratification by this Court of the assumption or rejection of the Debtor' executory contracts and unexpired leases pursuant to Section IV hereof.

(e)     Confirmation shall constitute approval by this Court of all financing arrangements, leases, contracts, and other actions that the Debtor propose in the Disclosure Statement or herein, to enter into, make, or take in connection with implementation hereof, including the execution of any documents as of the Effective Date.

## VII.
## RETENTION, ENFORCEMENT AND WAIVER OF CLAIMS

**7.01**    Pursuant to § 1123 (b) (3) of the Code, the Debtor shall retain and may enforce any and all claims of the Debtor except claims waived, relinquished, or released in accordance with the Plan.

**7.02**    No party in interest except the Debtor shall maintain or commence an action to recover a preference as defined in § 547 (b) of the Code after the Confirmation Order is entered.

**7.03**    Contests of Claims shall be filed with the Court not later than thirty (30) days after the Effective Date.

## VIII.
## JURISDICTION OF THE COURT

**8.01    Continuing Jurisdiction.**  The Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

(a)     To determine any and all objections to the allowance of claims or interests;

(b)     To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;

(c) To determine any applications or motions pending on the Effective Date for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine, and if need be, to liquidate any and all claims arising therefrom;

(d) To determine any and all applications, adversary proceedings, and contested matters that may be pending on the Effective Date;

(e) To consider any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in any Order of the Court, to the extent authorized by the Court;

(f) To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Company administered by the Plan;

(g) To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor arising under or in connection with the Plan;

(h) To issue such orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code;

(i) To determine such other matters as may be set forth in any order or orders confirming the Plan or which may arise in connection with the Plan or any other Order or Orders confirming the Plan.

## IX.
## MISCELLANEOUS PROVISIONS

**9.01 Prior Court Orders.** All prior orders entered by the United States Bankruptcy Court for the Northern District of Alabama are hereby incorporated by reference, including their terms, conditions, benefits, requirements and obligations.

**9.02 Cramdown.** With respect to any class not accepting the Plan, the Proponents do hereby request confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code on the grounds that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that are impaired.

**9.03 Quarterly Fees.** The Debtor will make its quarterly fees to the Bankruptcy Administrator pursuant to 28 U.S.C. § 1930. Debtor will continue to make these payments as required post-petition.

**9.04 Compliance with Tax Requirements.** In connection with the Plan, the Debtor will comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements.

**9.05    Retention of Liens.**  Each creditor whose claim is secured by a lien or mortgage on property of the Debtor shall retain such lien or mortgage until such creditor's claim is paid in full according to the treatment proposed under the Plan at which time the lien shall be released.

**9.06    Employment and Payment of Professionals.**

(a)    During the period between the Confirmation Date and the Effective Date, Debtor may (1) continue to avail itself of the services of professional persons whose employment was approved at or prior to Confirmation in completing the administration of this case and in the consummation and performance hereof, and (2) if necessary and with the approval of this Court, employ additional professional persons to render such services.

(b)    With respect to services rendered and expenses incurred in or in connection with this case during such period by any such professional person, the professional person may render periodic billings therefore to the Debtor and the Debtor shall promptly pay the same, but each such payment shall be subject to review and approval by this Court as to the reasonableness thereof.

**9.07    Notice of Hearing and Motions Post Confirmation.**  Upon confirmation of the Plan, all of the motions, and applications for compensation to professionals, and notices of such hearings shall be limited to the Debtor, Bankruptcy Administrator and any party of interest directly affected by such motion or application.

**9.08    Satisfaction of Claims.**  The rights afforded in this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Allowed Claims, liens and encumbrances of any nature whatsoever, including any interest accrued thereon from and after the Filing Date, against the Debtor or any of its assets; and, except as otherwise provided herein, on Confirmation, all such Allowed Claims against the Debtor or its assets, any other or further Allowed Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to Confirmation are satisfied, discharged and released.

# V.
# CLOSING OF CASE

**10.1** **Procedure for Closing Case**. If the Court concludes that a hearing on such motion would be appropriate, such hearing shall be conducted upon notice only to the Debtor, the Bankruptcy Estate Administrator, and persons specially requesting notices at the hearing on confirmation.

Respectfully submitted on April 19, 2018.

                 Debtor and Debtor-in-Possession

                 DECATUR ATHLETIC CLUB, LLC

                 By: Jeremy Goforth
                 Its: Owner
                 */s/ Jeremy Goforth*
                 Jeremy Goforth

                 */s/ Stuart M. Maples*
                 STUART M. MAPLES
                 (ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Ave. W, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 - Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com
Attorney for Debtor

# CERTIFICATE OF SERVICE

  I do hereby certify that on April 19, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, Alabama 35602

All parties requesting notice

All parties on the matrix attached hereto

                 */s/ Stuart M. Maples*
                 STUART M. MAPLES

-13-

Case 17-81439-CRJ11    Doc 296    Filed 04/19/18    Entered 04/19/18 14:46:55    Desc Main Document    Page 13 of 15

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 17-81439-CRJ11<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Thu Apr 19 08:09:41 CDT 2018 | Corporation Service Company<br>c/o Marks & Associates PC<br>PO Box 11386<br>Birmingham, AL 35202-1386 | Decatur Athletic Club, LLC<br>1801 Beltline Rd., Suite 425<br>Decatur, AL 35601-5501 |
| Decatur Mall, LLC<br>c/o Heath Trousdale<br>102 South Court St Ste 319<br>Florence, AL 35630-5633 | Direct Capital Corporation<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 | Pawnee Leasing Corporation<br>Engel, Hairston & Johanson, P.C.<br>Attn: William L. Phillips, III<br>P.O. Box 11405<br>Birmingham, AL 35202-1405 |
| Steering Committee<br>c/o Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745 | Twickenham Commercial Lending, Inc.<br>403 Andrew Jackson Way<br>Huntsville, AL 35801-3631 | United Leasing, Inc.<br>Marks & Associates PC<br>PO Box 11386<br>Birmingham, AL 35202-1386 |
| Western Equipment Finance, Inc.<br>PO Box 640<br>Devils Lake, ND 58301-0640 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | **Direct Capital Corporation<br>Amy Sinclair<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 |
| **Financial Pacific Leasing<br>3455 S. 344th Way Ste 300<br>Federal Way, WA 98001-9546 | **Hull Property Group<br>1190 Interstate Parkway<br>Augusta, GA 30909-6404 | **Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| **Pawnee Leasing<br>3801 Automation Way #207<br>Fort Collins, CO 80525-5735 | **United Leasing<br>3700 E. Morgan Ave.<br>Evansville, IN 47715-2240 | **Western Equipment Finance<br>654 Amherst Rd Ste 301<br>Sunderland, MA 01375-9420 |
| Alison Tindal<br>703 Holland Dr. SW<br>Decatur, AL 35601-4729 | Allegra Print & Imaging<br>804 Beltline Rd, SW<br>Decatur, AL 35601-6338 | Corporation Service Company<br>c/o Matthew D Evans<br>PO Box 11386<br>Birmingham AL 35202-1386 |
| Decatur Mall, LLC<br>c/o Heath Trousdale, Esq.<br>102 South Court Street<br>Suite 319<br>Florence, AL 35630-5633 | Internal Revenue Service<br>Insolvency Staff<br>Attention: Geraldine Banks<br>801 Broadway M/S MDP 146<br>Nashville, TN 37203 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James A. Early<br>615 Grant St.<br>Decatur, AL 35601-3123 | Jeremy Goforth<br>2924 Legacy Dr.<br>Decatur, AL 35603-4488 | Joyce White Vance<br>US Attorney General<br>1801 4th Ave North<br>Birmingham, AL 35203-2101 |
| Life Fitness/Brunswick Corporation<br>Alicia Cecconi<br>9525 Bryn Mawr Ave<br>Rosemont IL 60018-5249 | Loretta Lynch US Attorney General<br>US Dept. of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0009 | Luther Strange<br>Alabama Attorney General<br>PO Box 300152<br>Montgomery, AL 36130-0152 |

| | | |
|---|---|---|
| Prime Rate Premium Finance<br>PO Box 100507<br>Florence, SC 29502-0507 | Secretary of the Treasury<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | State of Alabama<br>Department of Revenue Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 |
| TCF Equipment Finance<br>11100 Wayzata Blfd. Ste 801<br>Minnetonka, MN 55305-5503 | TCF Equipment Finance<br>11100 Wayzata Blvd. Ste 801<br>Minnetonka, MN 55305-5503 | (c)TIMEPAYMENT CORP.<br>1600 DISTRICT AVE STE 200<br>BURLINGTON MA 01803-5233 |
| U.S. Securities and Exchange Commission<br>Regional Director, Branch of Reorganizat<br>Atlanta Regional Office, Suite 900<br>950 East Paces Ferry Road<br>Atlanta, GA 30326-1180 | United Leasing, Inc.<br>P.O. Box 11386<br>Birmingham, AL 35202-1386 | United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 |
| United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 | Western Equipment Finance, Inc.<br>Jon R. Brakke, Vogel Law Firm<br>218 NP Avenue<br>PO Box 1389<br>Fargo, ND 58107-1389 | Insolvency Section Internal Revenue Service<br>801 Broadway<br>MDP 146, Room 285<br>Nashville, TN 37203-3816 |
| Richard Blythe<br>BA Decatur<br>P O Box 3045<br>Decatur, AL 35602-3045 | Richard M Blythe<br>United States Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 | Stuart M Maples<br>Maples Law Firm, PC<br>200 Clinton Avenue W.<br>Suite 1000<br>Huntsville, AL 35801-4919 |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

TimePayment Corp.
16 NE Executive Park #200
Burlington, MA 01803

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)**Twickenham Commercial Lending, Inc.<br>403 Andrew Jackson Way<br>Huntsville, AL 35801-3631 | (d)Jeremy Goforth<br>2924 Legacy Dr.<br>Decatur, AL 35603-4488 | End of Label Matrix<br>Mailable recipients   44<br>Bypassed recipients    2<br>Total                  46 |