IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DECATUR ATHLETIC CLUB, LLC, | ) CASE NO. 17-81439-CRJ-11 |
| EIN NO.: XX-XXX2840 | ) CHAPTER 11 |
| | ) |
| Debtor. | ) |

## ORDER APPROVING ORAL PRE-CONFIRMATION MODIFICATION OF PLAN

This matter came before the Court on May 24, 2018, for hearing on the request of Decatur Athletic Club, LLC, debtor and debtor-in-possession ("Debtor"), seeking confirmation of its Fourth Amended Chapter 11 Plan of Reorganization filed April 19, 2018 (Doc. 296) (the "Plan"). Proper notice of the hearing was given and appearances were made by Jeremy Goforth as a Debtor representative, Stuart M. Maples as counsel for the Debtor, Richard O'Neal as counsel or the Internal Revenue Service, Matt Hancock as counsel for Direct Capital, and Richard M. Blythe, Bankruptcy Administrator. Counsel for Debtor and counsel for Decatur Mall, LLC represented to the Court that the parties orally agreed pre-confirmation to settle the Administrative Expense Claim for and additional $4,000.00, bringing the amount of the Administrative Expense Claim to $74,000.00. The Court finds based upon the representations of the parties that the modification is **APPROVED**.

It is therefore **ORDERED, ADJUDGED and DECREED** as follows:

1. That treatment for the Decatur Mall, LLC Administrative Expense Claim provided for in Section II, Classes and Classifications of Claims and Interest, 2.0 Unclassified Claims in the amount of $70,000.00 is modified to $74,000.00, pursuant to Fed. R. Bankr. P. 3019(a).

2. That treatment for the Decatur Mall, LLC Administrative Expense Claim provided for in Section III, Impairment and Treatment of Classes Under the Plan, 3.0 Treatment of

Unclassified Claims in the amount of $70,000.00 is modified to $74,000.00, pursuant to Fed. R. Bankr. P. 3019(a).

3. That such modification does not adversely change the treatment of any creditor of the interest of any equity security holder who has not accepted, in writing, the modification.

4. That such modification is not material to the treatment of any other creditor of interest because funding for the Administrative Expense Claim comes from third-party non-debtor sources.

Dated this the 9th day of August, 2018.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order prepare by:
Stuart M. Maples
MAPLES LAW FIRM, PC